# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNY MILLER, : | |
| : | |
| Petitioner : | |
| : | CIVIL ACTION NO. 3:CV-13-1452 |
| v. : | |
| : | (Judge Mannion) |
| JOHN E. WETZEL, et al., : | |
| : | |
| Respondents : | |

## MEMORANDUM[1]

## Background

Johnny Miller, an inmate presently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy), filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. (Doc. No. 1, petition). The required filing fee has been paid. Service of the Petition has not yet been ordered. For the reasons outlined below, the petition for writ of habeas corpus will be summarily dismissed, without prejudice, for Petitioner's failure to exhaust state court remedies.

According to the Petition, on November 17, 1989, following a jury trial,

---

1. For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Miller was convicted of first degree murder in the Court of Common Pleas of Dauphin County, Pennsylvania. Id. He was sentenced that same day to a term of life imprisonment without parole. Id.

Petitioner filed a direct appeal to the Pennsylvania Superior, which affirmed his conviction and sentence on December 12, 1991. See Commonwealth v. Miller, 606 A.2d 1231 (Pa. Super. Dec. 12, 1991)(Table).

On April 28, 1992, Miller's petition for allowance of appeal to the Pennsylvania Supreme Court was denied. See Commonwealth v. Miller, 606 A.2d 901 (Pa. April 28, 1992)(Table).

It also appears that in 1994, Petitioner filed an unsuccessful collateral challenge to his conviction and sentence, pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[1] (See Doc. No. 1, petition at 3).

On June 25, 2012, the United States Supreme Court held "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' " Miller v. Alabama, ––– U.S. ––––, ––––, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407

---

1. See 42 Pa. Cons. Stat. Ann. § 9541 et seq. One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights

(2012). On July 3, 2012, Miller filed a PCRA petition, alleging that the imposition of a life sentence was unconstitutional since his status as a juvenile was not taken into consideration. See Commonwealth of Pa. v. Miller, CP-22, CR-0000412-1989 (Dauphin Ct. Com. Pl.)( Criminal Docket Sheet). On August 13, 2012, Miller's petition was ordered stayed, pending Pennsylvania Supreme Court's ruling in Commonwealth v. Cunningham, No. 447 EAL 2009, 2012 WL 3165411 (Pa. Aug.6, 2012).[2] Id. His state petition remains pending.

On May 30, 2013, Miller filed the instant federal habeas petition, raising the same claim set forth in his pending PCRA petition, and seeking a "vacation of his sentence and an order that he be individually resentenced on the lesser-included offenses." (Doc. No. 1, petition).

**Discussion**

Habeas corpus petitions brought under §2254 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the

---

2. The Pennsylvania Supreme Court has agreed to expedite two pending cases involving juveniles sentenced to life without parole. See Commonwealth v. Cunningham, No. 447 EAL 2009, 2012 WL 3165411 (Pa. Aug.6, 2012); Order, Commonwealth v. Batts, No. 79 MAP 2009 (Pa. July 9, 2012). The outcome of these cases will determine if Miller retroactively applies to an inmate serving such sentence when the inmate has exhausted his direct appeal rights and is proceeding under the Post Conviction Relief Act, and what would be the appropriate remedy under the PCRA for a defendant who was sentenced to a mandatory term of life imprisonment without the possibility of parole for a murder committed when the defendant was under the age of eighteen. Id.

Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. Cone v. Bell, 556 U.S. 449, 465 (2009); O'Sullivan v. Boerkel, 526 U.S. 838, 842 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971); Nara v. Frank, 488 F.3d 187, 197 (3d Cir.2007); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir.2004). A state prisoner must complete "the [s]tate's established appellate review process" to "give the state courts full opportunity to resolve any constitutional issues." O'Sullivan, 526 U.S. at 845; Nara, 488 F.3d at 197; see Cone, 556 U.S. at 465; Woodford v. Ngo, 548 U.S. 81, 92 (2006).

The policy underlying the exhaustion doctrine is one of comity: the state must be given the "initial 'opportunity to pass upon and correct' alleged violations" of the petitioner's constitutional rights. Picard, 404 U.S. at 275; accord O'Sullivan, 526 U.S. at 844–45. The exhaustion doctrine "addresses federalism and comity concerns by 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir.2005) (quoting Toulson v. Bayer, 987 F.2d 984, 986 (3d Cir.1993)). "28 U.S.C. § 2254 imposes a duty on the courts to examine the exhaustion issue and to reject a petition if it raises unexhausted claims." Lambert v. Blackwell, 134 F.3d 506, 515 (3d Cir.1997).

Miller's PCRA petition, challenging his sentence under Miller, is pending. See Commonwealth of Pa. v. Miller, CP-22, CR-0000412-1989 (Dauphin Ct. Com. Pl.)( Criminal Docket Sheet). The claim raised in his PCRA petition is identical to the claim in his federal habeas petition. (See Doc. No. 1, memorandum at 2).

Comity requires Pennsylvania's courts be given the first opportunity to review Miller's claims. See Picard, 404 U.S. at 275. The Pennsylvania Supreme Court has agreed to expedite two pending cases involving juveniles sentenced to life without parole, and has stayed Miller's PCRA petition until the outcome of

5

these cases. Thus, federal habeas review is premature. A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: June 7, 2013
O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-1452-01.wpd